■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO ARIAS, Appellant. [708 NYS2d 615] —Judgment, Supreme Court, Bronx County (Daniel FitzGerald, J.), rendered September 2, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6½ to 13 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. Defendant's conduct during the transaction and the recovery of half of the prerecorded buy money from his person established his accessorial liability for the sale and his joint possession of the drugs with the codefendant.

The court properly exercised its discretion in allowing limited background testimony concerning the roles of participants in street-level narcotics sales, since it was probative on the issue of defendant's accessorial liability. Specifically, this background information served, *inter alia*, to explain defendant's role as a lookout and to explain why he did not handle the drugs during the transaction or was not in possession of any drugs when he was arrested.

The court appropriately admitted evidence of defendant's ability to speak some English. Defendant's use of a Spanish interpreter at the trial may have left jurors with the impres-

sion that he was unable to speak any English, and limited testimony that defendant had been overheard speaking English was probative on the issue of whether he could have uttered the words that the undercover officer claimed he had said. Furthermore, the court's instructions prevented the jury from drawing any inference that defendant's use of an interpreter was deceitful.

We perceive no abuse of sentencing discretion.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J. P., Tom, Mazzarelli, Wallach and Andrias, JJ.